UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION


LOUISIANA CRAWFISH PRODUCERS          10-CV-348
ASSOCIATION WEST, ET. AL.

VS.                                   JUDGE DOHERTY

AMERADA HESS CORP.                    MAGISTRATE HANNA


JURISDICTION REVIEW


BACKGROUND

   This is a claim for damages allegedly arising out of oil and gas exploration,

pipeline operation, and maintenance and dredging activities in the Atchafalaya Basin.

The case was removed from the 16th Judicial Court for the Parish of St. Martin on March

1, 2010 by Associated Electric & Gas Insurance Services Limited (AEGIS) pursuant to 9

U.S.C. § 205.  (Rec. Doc. 1).  According to the removal petition and the original petition,

as amended, which was attached thereto, the activities of the defendants resulted in

damage to, or destruction of, waters utilized by the plaintiffs to harvest crawfish.  The

plaintiffs contend they have suffered economic losses as a result of the damage to the

waterways.

   AEGIS provided a policy of insurance to the defendant, Anadarko Petroleum

Corporation (Anadarko), which contained a binding Dispute Resolution and Service of

Suit provision requiring arbitration of any dispute under the policy.  (Rec. Doc. 1 ¶11).

Anadarko seeks coverage from AEGIS under the policy for sums that Anadarko may be liable to pay to the plaintiffs.  (Rec. Doc. 1 ¶9).  In addition, the plaintiffs have asserted claims directly against AEGIS, in its capacity as the insurer of Anadarko, pursuant to the Louisiana Direct Action Statute, La. R.S. 22:655.  (Rec. Doc. 1 ¶6).

AEGIS contends that its policy, including the arbitration clause, is subject to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, and therefore, pursuant to the Convention Act, 9 U.S.C. § 201, *et. seq*., this court has federal question jurisdiction as an "action or proceeding falling under the Convention" under 9 U.S.C. § 203.  (Rec. Doc. 1 ¶ 3, 11)  The undersigned, *sua sponte*, raised the question of the court's subject matter jurisdiction and directed AEGIS to provide a brief on the issue. (Rec. Doc. 100).  After reviewing the pleadings and the briefs from several parties, for the reasons set forth at the hearing on May 14, 2010, and as further set forth herein, the undersigned concludes that subject matter jurisdiction does exist in this court and that the case has been properly removed.

**LAW AND ANALYSIS**

Under 9 U.S.C. § 205:

Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding....  The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

-2-

Therefore, the threshold issue in evaluating removal jurisdiction is whether the subject matter pending in the state court proceeding "relates to an arbitration agreement... falling under the Convention."  In *Beiser v. Weyler*, 284 F.3d 665 (5th Cir. 2002), the court evaluated removal under § 205 in a lawsuit alleging only state law causes of action. The Court held in pertinent part at 671:

> [w]henever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement "relates to" the plaintiff's suit.  Thus, the district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense.  As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case.  That is all that is required to meet the low bar of "relates to." [Emphasis in original.]

Second, the statute provides that the determination of removal jurisdiction where, as in this case, a defense is based on the arbitration clause, may be found in the petition for removal.  The court explained in *Beiser v. Weyler* at 671-672:

> The language of § 205 strongly suggests that Congress intended that district courts continue to be able to assess their jurisdiction from the pleadings alone.  Section 205 provides in part:  "The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint *but may be shown in the petition for removal*."  9 U.S.C. § 205 (emphasis added).  This language does create one difference between the federal question jurisdiction conferred by § 205 and most other forms of federal question jurisdiction:  it permits removal on the basis of a federal defense. The language that the ground for removal "need not appear on the face of the complaint" explicitly abrogates the well-pleaded complaint rule that normally keeps such defenses from serving as the basis for federal question jurisdiction.  But at the same time the statute permits a defense based on an arbitration clause to serve as a grounds for removal, it also directs us to treat

such defenses the same way that we treat offensive claims.  That is, just as
we determine whether a plaintiff's claim arises under federal law from the
complaint alone, the statute directs us to determine whether a defendant's
defense arises under federal law from the "petition for removal" alone.

The definition of "relates to" we have adopted allows the district court to
determine its jurisdiction from the "petition for removal" itself, and keeps
the jurisdictional and merits inquiries separate.  Earlier in this opinion, we
explained that an arbitration clause under the Convention "relates to" the
plaintiff's suit in the plain meaning of the phrase "relates to" whenever the
clause could conceivably have an affect on the outcome of the case.  As a
result, absent the rare frivolous petition for removal, as long as the
defendant claims in its petition that an arbitration clause provides a defense,
the district court will have jurisdiction to decide the merits of that claim.
This approach honors the statute's command that we treat defenses based on
arbitration clauses under the Convention in the same way that we treat
removal generally.  It allows the district court to determine its jurisdiction
from the petition for removal, without taking evidence and without a
merits-like inquiry.

The fact that the claims are brought against the insurers under the Louisiana direct

action statute does not change the result.  In *Acosta v Master Maintenance and*

*Construction, Inc.,* 452 F.3d 373 (5th Cir. 2006), the court addressed this precise issue, in

the same context, where it was contended that jurisdiction was lacking because of the

Louisiana direct action statute.  Specifically, the party challenging jurisdiction contended

that the direct action statute canceled the binding effect of the arbitration clause, and

consequently, whatever was decided in the arbitration proceeding would not affect the

outcome of the litigation.  The court held in pertinent part:

It is unarguable that the subject matter of the litigation has some
connection, has some relation, has some reference to the arbitration clauses
here.  Appellants' assertion of claims against the insurers is, in part, an
assertion of policy coverage of the insured's alleged torts.  Common sense

-4-

dictates the conclusion that policy provisions relating to coverage of the insured's torts are, almost by definition, related to claims that are based on the disputed assertion of coverage of the insured's torts.  The arbitration clauses here declare the forum for the resolution of coverage disputes; they are therefore related to Appellants' disputed assertion of coverage and, hence, to the subject matter of Appellants' claims against the defendant insurers that depend on the existence of coverage.  Stated as a rule, a clause determining the forum for resolution of specific types of disputes relates to a lawsuit that seeks the resolution of such disputes.

The jurisdictional question need not be confused by the presence of the direct-action statute.  The operation of the direct-action statute as a matter of Louisiana state law does not alter the fact that the litigation is related to the arbitration clause as a matter of logic and federal removal law.  Both state and federal courts can give proper effect to the direct-action statute; but we cannot ignore Congress's decision that the federal courts are best able to establish uniformity in the enforcement of arbitral agreements.  We therefore apply the jurisdictional provision, § 205, according to the plain meaning of its broadly drafted terms.

*Acosta v. Master Maintenance and Const. Inc.*, 452 F.3d at 378-79.

The removal petition states, and there is no contention by any party to the contrary, that the AEGIS policy falls under the Convention.  Further, particularly since the plaintiffs have sued AEGIS directly, the arbitration agreement could "conceivably affect the outcome of the plaintiff's case."  Therefore, the undersigned finds that the subject matter of the underlying litigation "relates to" the arbitration agreement and removal jurisdiction exists under § 205.

Finally, the parties contend that all state law claims have been dismissed by final judgment of the Louisiana court and that all that remain are claims based on maritime law.  See *Louisiana Crawfish Producers Association-West, et. al. vs. Amerada Hess*

*Corp.*, 2005-1156 (La. App. 3 Cir. 07/12/06), 935 So.2d 380.  While maritime claims brought under the savings to suitors clause are generally not removable absent an alternative basis for jurisdiction, the Fifth Circuit has confirmed jurisdiction existed in a case removed under the Convention despite the savings to suitors clause. *Francisco v. Stolt Achievement MT,* 293 F.3d 270 (5th Cir. 2002).

For the foregoing reasons, the undersigned finds that jurisdiction exists and the case has been properly removed.

Thus done and signed this 14th day of May, 2010, at Lafayette, Louisiana.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)